THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| ALBERTO GONZALEZ,<br><br>                        Petitioner,<br><br>v.<br><br>DALLAS EARNSHAW,<br><br>                        Respondent. | **MEMORANDUM DECISION & ORDER TO SHOW CAUSE REGARDING FAILURE TO PROPERLY CURE DEFICIENCIES IN PETITION**<br><br>Case No. 1:21-CV-168-DBB<br><br>District Judge David Barlow |

On June 15, 2022, the Court determined Petitioner's habeas-corpus petition, 28 U.S.C.S. § 2241 (2022), was deficient and ordered Petitioner to cure the deficiencies, using a Court-supplied form petition. (ECF No. 2.) Petitioner responded to the Order by copying the Order then writing various responses next to and between the Court's words. (ECF No. 3.) This does not comply with the Court's Order to file "one document entitled, 'Amended Petition,' . . . includ[ing] all issues, arguments, and citations in one document, with no reference to any other document." (ECF No. 3.) The Court therefore orders Petitioner to show cause why this action should not be dismissed.

For Petitioner's convenience, the Court here reminds Petitioner of its prior guidance, (ECF No. 2), as follows:

### REPEATED DEFICIENCIES IN PETITION

Petition:

**(1)**    does not name a respondent.

**(2)**    is illegible in critical sections, such as descriptions of grounds for relief.

**(3)** does not state how execution of sentence is unconstitutional.

**(4)** has claims possibly based on illegality of Petitioner's current confinement; however, the petition was apparently not submitted using legal help Petitioner entitled to by Petitioner's institution under Constitution--e.g., by contract attorneys. *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be given "'*adequate* law libraries or *adequate* assistance from persons trained in the law' . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).

**REPEATED INSTRUCTIONS TO PETITIONER**

Under Rule 8 of the Federal Rules of Civil Procedure an initial pleading is required to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). The requirements of Rule 8(a) are intended to guarantee "that [respondents] enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8. "This is so because a pro se [litigant] requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991). Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant." *Id.* at 1110. Thus, the Court cannot "supply additional facts, [or] construct a legal theory for [petitioner] that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Petitioner should consider the following general points before refiling his petition:

**(a)** Revised petition must stand entirely on its own and not refer to, or incorporate by reference, any portion of the original petition or any other documents previously filed by Petitioner. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (amendment supersedes original)

**(b)** Petitioner must clearly state whom his custodian is and name that person (warden or ultimate supervisor of imprisonment facility) as the respondent. *Cf.* R.2, Rs. Governing § 2254 Cases in the U.S. Dist. Courts.

**(c)** Federal rule requires the petition to:

> (1) specify all the grounds for relief available to the petitioner;
> (2) state the facts supporting each ground;
> (3) state the relief requested;
> (4) be printed, typewritten, or legibly handwritten; and
> (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

*Cf.* R.2(c), Rs. Governing § 2254 Cases in the U.S. Dist. Courts.

**(d)** Petitioner may generally not bring civil-rights claims as to conditions of confinement in a habeas-corpus petition.

**(e)** Any claims about Petitioner's underlying conviction and/or sentencing should be brought under 28 U.S.C.S. § 2254 (2020); any claims about the execution of Petitioner's imprisonment should be brought under *id.* § 2241.

**(f)** Petitioner should get help to prepare initial pleadings from legal resources available where Petitioner is held.

## O R D E R

**IT IS ORDERED** that:

**(1)** Petitioner shall have **thirty days** in which to **SHOW CAUSE** why this action should not be dismissed for failure to cure the deficiencies noted above.

**(2)** The Clerk's Office shall again mail Petitioner a copy of the Pro Se Litigant Guide with a proper form petition to be completed and returned to the Court, according to the directions.

**(3)** Failure to timely respond will result in the dismissal of Petitioner's case.

DATED this 21st day of November, 2022.

BY THE COURT:

JUDGE DAVID BARLOW
United States District Court