THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| ALBERTO GONZALEZ,<br><br>      Petitioner,<br><br>v.<br><br>DALLAS EARNSHAW,<br><br>      Respondent. | **MEMORANDUM DECISION<br>& ORDER DENYING<br>HABEAS-CORPUS PETITION**<br><br>Case No. 1:21-cv-00168-DBB<br><br>District Judge David Barlow |

  Petitioner Alberto Gonzalez, confined at Utah State Hospital (USH), filed this federal habeas-corpus petition under 28 U.S.C.S. § 2241 (2022) (ECF No. 1).

  Section 2241 reads in pertinent part: "The Writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.S. § 2241(c)(3) (2022). "Petitions under § 2241 are used to attack the execution of a sentence," which may include challenges to "some matters that occur at the prison, such as deprivation of good-time credits and other prison disciplinary matters." *McIntosh v. United States*, 115 F.3d 809, 811 (10th Cir. 1997). Still, "a § 2241 action . . . is not challenging prison conditions[;] it is challenging an action affecting the fact or duration of the petitioner's custody," and thus qualifies as a habeas-corpus proceeding. *Id.* at 812.

  Petitioner apparently attacks his Utah state convictions for assault, possession of a dangerous weapon by a restricted person, and burglary. (ECF No. 1, at 2.) He categorizes his causes of action as follows: (1) "I've always hated my meth [illegible three words] reason"; (2) "Mtt assault"; (3) "MH"; and (4) "I'm waiting to know I do qualify for a habeas corpus," regarding which he adds as "supporting facts," "drug paraphernalia was informed [illegible three

1

words] 180 credit." (ECF No. 1, at 6-8.) His request for relief states, ":In my favor any do I want to make my state [illegible two words] early release pout [sic]." (*Id.* at 8.)

On June 15, 2022, the Court identified this petition's deficiencies, gave guidance on correcting them, and ordered Petitioner to within thirty days file an amended petition. (ECF No. 2.) Petitioner responded to the Order by copying it, then writing various words next to and in between the Court's words. (ECF No. 3.) Concluding Petitioner's response did "not comply with the Court's Order to file 'one document entitled, "Amended Petition," . . . includ[ing] all issues arguments, and citations in one document, with no reference to any other document,'" the Court ordered Petitioner to within thirty days "**SHOW CAUSE** why this action should not be dismissed for failure to cure the deficiencies." (ECF No. 4, at 4 (emphasis in original) (citing ECF No. 2).) Petitioner responded to the Order to Show Cause with two pages of partially illegible, seemingly random, handwritten words and numbers that have no value as an Amended Petition or to clarify the circumstances under which he seeks relief under § 2241. (ECF No. 5.)

## SCREENING ANALYSIS

"If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." R. 4, Rs. Governing § 2254 Cases in the U.S. Dist. Cts. Indeed, "it is well established that '[the] district court [may] dismiss summarily [a] petition on the merits when no claim for relief is stated.'" *Whitmore v. Parker*, 484 F. App'x 227, 232 (10th Cir. 2012) (alterations in original) (citations and quotation marks omitted). And, "precedent allows a district court to recognize affirmative defenses *sua sponte* in the habeas context." *In re McCormick*, No. 11-3071, 2011 U.S. App. LEXIS 20172, at *8 (10th Cir. Apr. 19, 2011). After all, "habeas proceedings are different from ordinary civil litigation and, as a result, our usual presumptions

2

about the adversarial process may be set aside." *United States v. Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008) (citing *Day v. McDonough*, 547 U.S. 198, 202 (2006)).

The United States Supreme Court has observed that federal district courts have inherent authority to dismiss a frivolous case. *See Mallard v. United States Dist. Ct.*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) ... authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *see also Hagans v. Lavine*, 415 U.S. 528, 536-537 (1974) (holding federal district courts may dismiss claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit"). While *pro se* litigant's pleadings are construed liberally, the fact that Petitioner proceeds *pro se* does not shield Petitioner from dismissal for frivolousness. *Freeman v. Davis*, 414 F. App'x 163, 165 (10th Cir. 2011) (unpublished).

A claim "is frivolous if it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (stating legal frivolousness includes both "inarguable legal conclusion[s]" and "fanciful factual allegation[s]"); *see Mallett v. United States*, 721 F. App'x 836, 865 (10th Cir. 2018) (frivolous habeas-corpus petition); *Branch v. Crowther*, 708 F. App'x 963, 965 (10th Cir. 2018) (frivolous § 2254 petition). "[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (citations omitted). The initial pleading here is subject to review pursuant to the inherent authority of this Court to ensure that that the case is not frivolous--i.e., involving "delusional and factually frivolous" allegations and resting on "an indisputedly meritless legal theory." *Mallett v. United States*, 721 F. App'x 836, 837 (10th Cir. 2018) (unpublished) (quotation marks omitted).

Petitioner's initial pleading satisfies these criteria. His arguments and claims are (a) not capable of sensical review and (b) indisputably meritless. Though the Court gave direction and two chances to cure deficiencies, the Court still cannot be sure what most of Petitioner's writings mean. Having carefully considered all relevant documents and law, the Court concludes that Petitioner's initial pleading is frivolous and does not surmount the federal habeas standard of review. The petition is therefore denied. And further opportunity to amend appears futile.

## CONCLUSION

Petitioner's claims are frivolous and do not meet the federal habeas standard for relief: That his commitment was ordered and executed in violation of the Federal Constitution.

**IT IS THEREFORE ORDERED** that the petition for writ of habeas corpus is **DENIED** and the action **DISMISSED WITHOUT PREJUDICE**.

**IT IS ALSO ORDERED** that a certificate of appealability is **DENIED**.

This action is **CLOSED**.

DATED this 11th day of April, 2023.

BY THE COURT:

_____
JUDGE DAVID BARLOW
United States District Court